**Motion Denied Without Prejudice; Order and Concurrence on Order filed March 26, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00090-CV

## IN THE MATTER OF THE MARRIAGE OF ERIC STEVEN MCQUEEN AND VANICHA MCQUEEN

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-32970**

## O R D E R

On February 13, 2020, appellant Eric Steven McQueen and appellee Vanicha McQueen filed a "Joint Motion to Dismiss Appeal," in which they state that they have reached a settlement agreement and in which they seek relief under Texas Rule of Appellate Procedure 42.1(a)(2). When parties ask this court to dispose of an appeal under a signed agreement filed with the clerk, Rule 42.1(a)(2) authorizes only three actions: (A) this court may render judgment effectuating the parties' agreement; (B) this court may set aside the trial court's judgment without

regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreement; or (C) this court may abate the appeal and permit proceedings in the trial court to effectuate the agreement. Tex. R. App. P. 42.1(a)(2). In the parties' joint motion, they do not request any of these three options.

At the beginning of the motion, the parties ask this court to "dismiss this appeal." Dismissal of the appeal is not an option under Rule 42.1(a)(2), though it is an option under Rule 42.1(a)(1). The parties then ask this court to "set aside the trial court's judgment and render a judgment effectuating the parties' agreement," citing Rule 42.1(a)(2)(A). This request is inconsistent with their request for dismissal of the appeal, and in the second request, the parties do not ask for one of the three options under Rule 42.1(a)(2). The parties proceed to refer to a judgment against Vanicha McQueen in the amount of $1,750 that does not appear to be part of this case. The parties state that "[a]ll costs on appeal should be taxed in accordance with the parties' agreement," but the parties do not say what their agreement is as to taxation of costs.

We cannot grant the parties' request to dismiss the appeal because it is not clear whether they seek dismissal or disposition under Rule 42.1(a)(2) based on a settlement. We cannot grant the joint motion under Rule 42.1(a)(2) because the parties have not requested one of the three options available under this subsection. So, we **DENY** the Joint Motion to Dismiss Appeal, without prejudice to the refiling of a proper motion under Rule 42.1(a)(1) or Rule 42.1(a)(2).


/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Spain, J., concurring).